[Civ. No. 2393. First Appellate District.—May 13, 1918.]

JAMES D. SKELLY et al., Plaintiffs and Respondents, v. S. H. COWELL et al., Defendants and Appellants; E. N. TORELLO, Defendant and Respondent.

WATER RIGHTS—PRESCRIPTIVE TITLE—BURDEN OF PROOF.—In an action between riparian owners for the admeasurement of the waters of a creek, the burden of establishing all the elements of a prescriptive right rests upon the defendants claiming such rights.

ID.—EVIDENCE—PRESCRIPTIVE RIGHT NOT ESTABLISHED.—Use by a riparian owner of the waters of a creek is not such as to establish a prescriptive right where he used the water, or a large part of it, when he needed it, but not regularly, sometimes letting it go down the creek, and never using it in such a way as to deprive his neighbors lower on the stream of the use of it according to their rights.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, Peter F. Dunne, and W. I. Brobeck, for Appellants.

H. A. van C. Torchiana, for Plaintiffs and Respondents.

John F. Davis, and Ross & Ross, for Defendant and Respondent.

BEASLY, J., *pro tem.*—The parties to this action own lands riparian to Dennison Creek, a small stream rising on the western front of the Santa Cruz Mountains, in San Mateo County, and flowing westward through the lands of the parties to the ocean. The appellants' lands—which we will call the Cowell properties—lie below those of the respondent Torello and above those of the plaintiffs on the stream. The action was begun by plaintiffs and respondents John D., A. G., and Edward D. Skelly, Mrs. Skelly Therkoff, Mrs. Josephine Valencia, Debenedetti, and Deneri against the defendants Torello and the Cowells to have the waters of Dennison Creek admeasured between the parties according to their respective rights thereto as riparian proprietors.

The parties stipulated that the minimum flow of the stream was sixty-two miner's inches; and the court, basing its decision upon the respective riparian acreage capable of irrigation owned by each of the parties, adjudged that the Cowells have fourteen inches of this water, and divided the remaining forty-eight inches among the other parties.

The Cowells claim all the water in their pleadings, basing their claim upon prescription arising out of an adverse user, which they are asserted to have exercised for a period of fifteen years before the beginning of this action. The court found against this claim, and determined that during three years only preceding the action had the Cowells diverted more than their legitimate respective part of said water on to their said riparian lands. The court also found against the claim of the Cowells that their user of the water was open, notorious, continuous, and adverse. The question whether these findings are sustained by the evidence is the only question in this case. A statement of the Cowells' present contention makes this clear. They now contend that they are entitled, first, to eleven inches of the water by reason of their riparian rights, and, second, to a prescriptive title to twenty inches additional. Their claim to eleven inches as riparian owners is not disputed, and the court awarded them this part of the water in the judgment. Their claims of a prescriptive title are dis-

puted. The burden of establishing by evidence all the elements of a prescriptive right rests upon the Cowells, of course, and if they have not established such prescription by a preponderance of the evidence, then these findings must stand.

It is undisputed that during some fifteen years preceding the beginning of this action the Cowells and Henry Cowell, their predecessor in interest, maintained a bedrock dam in Dennison Creek by which water was diverted to the Cowell properties for use in irrigation. The witnesses on behalf of the Cowells testified varyingly that by means of this dam from one-half to three-quarters of the stream was taken out, and that the remainder of the water continued down the creek. One of them stated that at times all the water was taken. This water was not taken out continuously but was used when needed. On the other hand, James D. Skelly testified that for thirty-six years himself and his family had been using the water, and that during the year immediately preceding the beginning of the action there was a shortage of water due to the people above, Torello and the Cowells, using nearly all of it. Mrs. J. A. Valencia testified that for twenty-five years she had used water from the creek to irrigate her land, and that during only the year or two before she gave her testimony was there a shortage of water for her use. Debenedetti testified that he had been deprived of the water for three or four years, and before that had always had plenty of water. Other witnesses for the plaintiffs gave similar testimony, and some of the Cowell witnesses testified under cross-examination that Cowell used some of the water pretty much every month but not regularly; that sometimes he used it when he needed it, and sometimes he let it go down the creek. The fact seems to be that Henry Cowell used the water, or a large part of it, when he needed it, but never in such a way as to deprive his neighbors lower on the stream of the use of it according to their rights.

These facts above recited show no necessary conflict of the evidence in this case. It may be possible to so construe it as to make it appear to be conflicting, but a fair interpretation of the evidence, reading the whole voluminous record with care, discloses nothing that to the open mind is a contradiction in the facts to which the witnesses testify; nor do these facts establish the elements necessary to support a prescriptive right to this water in accordance with the contention of the Cowells.

There was nothing in the manner in which Henry Cowell used this water which would put his neighbors upon notice that he claimed to be using the water in such a way as to interfere with their rights. To be more specific, Cowell's conduct was not such as to indicate that he claimed all the water of this creek or fourteen or twenty miner's inches of it, continuously, and adversely to the rights of his riparian neighbors.

The facts above set forth would not have sustained, in our view, findings other than the findings which the court made upon them. Indeed, it seems to us, from a review of the circumstances of this case, that the able and experienced trial judge who heard it could not have reached a more equitable and just conclusion than that set forth in the judgment.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.